UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
BORIS KOLON,

                Petitioner      09 Civ. 1512 (TPG)

    – against –      **OPINION**

S. KHALAIFA, SUPERINTENDENT,

                Respondent.
------------------------------------------------x

In this action, petitioner Boris Kolon seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his state court conviction for criminal possession of a controlled substance. Kolon claims that his conviction was obtained as a result of an unlawful arrest, that his sentence was harsh and excessive, and that he was denied effective assistance of counsel.

The petition is denied.

## BACKGROUND

This account of the facts underlying Kolon's conviction is taken from his § 2254 petition and the State's response to his petition.

Facts

On June 8, 2004, at approximately 7:55 p.m., Officer Pedro Roche of the New York City Police Department saw two men drinking alcohol on Broadway in Manhattan between West 157th and 158th Streets. When Roche went to investigate, he saw Kolon walking toward him carrying a paper bag. Kolon

then dropped the bag on the ground before walking into a nearby store. Roche picked up the bag, which contained two bottles of prescription medication. Both bottles were labeled "oxycontin," a narcotic drug, and contained a total of 331 pills. Roche subsequently entered the store and approached Kolon who denied ownership of the bag. Roche then arrested Kolon who had no additional pills on his person.

After Kolon's arrest, a police chemist tested eight of the 331 pills and on June 28, 2004, Kolon was charged with criminal possession of a controlled substance in the fourth degree. Shortly thereafter, the State offered Kolon a plea deal wherein he would serve a term of two to four years. After plea negotiations failed, the prosecutor arranged for the policy laboratory to test 196 of the remaining pills, and based on the results of these additional tests, on October 20, 2004, Kolon was charged with criminal possession of a controlled substance in the first degree.

Procedural History

Shortly after Kolon's June 28, 2004 indictment for criminal possession of a controlled substance in the fourth degree, he moved through Legal Aid counsel in Supreme Court, New York County to suppress physical evidence on the basis that his arrest was unlawful. Later, Kolon retained Matthew Myers as counsel, and Myers filed a separate affirmation in support of suppression. On September 22, 2004, the court denied this suppression motion without granting a Mapp/Dunaway hearing, which would have addressed the admissibility of evidence obtained as a result of a search and seizure, on the

ground that Kolon's motion papers were "insufficient."

After the prosecutor filed a second indictment charging Kolon with first-degree possession on October 20, 2004, Myers submitted additional suppression papers. On November 3, 2004, the court again denied the suppression motion, stating that Kolon's allegations were "deliberately vague."

Subsequently, Myers submitted an application to the court to be relieved as counsel, and Kolon filed a pro se motion for appointment of new counsel. Myers presented numerous arguments for why he should be relieved, including that Kolon's wife was in the process of calling the bar association about Myers' representation, that communication between Myers and Kolon had broken down, and that Kolon had stated to Myers that he would recant statements previously made in an affidavit. On November 4, 2004, Justice Scherer denied both motions, noting that if Kolon was dissatisfied with Myers, whom he had hired privately, he could retain another lawyer.

On November 9, 2004, the scheduled date of Kolon's trial, Kolon appeared with Myers before Justice Scherer. Myers again argued that he should be relieved, stating that Kolon had been "less than truthful" with him. Myers also said that he "can't even put him [sic] the witness stand any more, and our communication has broken off to where the man just walks out of counsel visits and says, 'I want a new lawyer.'" Justice Scherer, however, responded that Myers had informed the court that his last visit with Kolon had lasted over an hour, thus suggesting that he and his client were still able to communicate. As a result, the court again declined to relieve Myers as counsel

and sent the case to Justice Hayes for trial.

Later that day, Kolon appeared with Myers before Justice Hayes. During these proceedings, Myers renewed his motion to be relieved. Myers argued that he should be relieved, because if Kolon were placed on the witness stand, he might make statements that are "the opposite" of statements made previously. In addition, Myers argued that Kolon's wife claimed that she had filed a complaint against him with the bar association. Justice Hayes noted that Myers was fighting for his client "in a smart way," and that Kolon was fortunate to have a lawyer with 15 years of experience who took the time to travel to Riker's Island to meet with him on more than one occasion. Ultimately, Justice Hayes declined to rule on Myers' motion and transferred the case back to Justice Scherer, who in turn transferred the case to Justice McLaughlin.

Appearing before Justice McLaughlin later that day, Myers again renewed his motion to be relieved, reiterating the arguments presented before Justices Scherer and Hayes. Justice McLaughlin denied the motion. In addition, Justice McLaughlin raised the option that Kolon could waive his right to a jury trial, because that would enable him to consider lesser included charges. Myers also continued making efforts to negotiate a plea agreement for Kolon, including calling the prosecutor's supervisor to schedule a meeting that evening to discuss "the unique circumstances of the case." In light of that meeting, the court adjourned the trial until the next day.

On November 10, 2004, Myers informed the court that the prosecutor had refused to lower his plea offer of six years to life. Thereafter, Kolon waived

his right to a jury trial and proceeded to trial before Justice McLaughlin, who found Kolon guilty of possession of a controlled substance in the third degree. On January 7, 2005, the court sentenced Kolon, as a second felony offender, to a term of imprisonment of six to twelve years.

Subsequently, Kolon appealed his conviction to the Appellate Division, First Department, where he was represented by Robert S. Dean of the Center for Appellate Litigation. On February 22, 2007, the Appellate Division unanimously affirmed Kolon's conviction. With regard to Kolon's suppression motions, including his motion for a Mapp hearing, the court held that his "deliberately vague initial and supplementary submissions failed to raise a factual dispute that would require a hearing." People v. Kolon, 830 N.Y.S.2d 539, 540 (1st Dep't 2007).

The Appellate Division also held that Kolon was not denied his right to counsel by the lower court's denial of Myers' applications to be relieved and Kolon's motion for appointment of new counsel. In particular, the Appellate Division stated that there was "no good cause for substitution of counsel," because the ethical issue regarding Kolon's contradictory testimony "was a problem that would have also confronted a substitute attorney." Id. at 540.

Moreover, the Appellate Division held that Kolon had received effective assistance of counsel, because Myers pursued an "appropriate and successful strategy" of seeking a less serious conviction for Kolon, thereby sparing him a life sentence "in the face of overwhelming evidence that defendant was guilty of a Class A-1 drug felony." Id. In addition, the Appellate Division reasoned that

Kolon was not prejudiced by any suggestion that he would perjure himself, because Kolon never testified, and, in any event, the trial judge is presumed to have disregarded such prejudicial information. Id. at 540-41. The Appellate Division also stated that it did not perceive any basis for reducing Kolon's sentence. Id. at 541.

On April 27, 2007, the New York Court of Appeals denied Kolon's application for leave to appeal. People v. Kolon, 8 N.Y.3d 947, 947 (N.Y. 2007). In addition, Kolon submitted in the Supreme Court, New York County a pro se motion to vacate his judgment of conviction on the basis of ineffective assistance of counsel. Justice McLaughlin denied the motion, holding that it was barred under CPLR 440.10(2)(a), because such motions may not contain claims based on matters previously determined on the merits.

The Present Petition

On November 17, 2008, Kolon filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising three claims. First, Kolon claims that his conviction was obtained in violation of his Fourth Amendment rights, because the trial court admitted evidence of the oxycontin pills which the police had obtained pursuant to an unlawful arrest. Second, Kolon claims that his sentence was harsh and excessive, because the State's original plea offer was for two to four years' imprisonment, he was not found with any drugs on his person when he was arrested, and he was not engaging in any suspicious drug activities at the time of his arrest. Third, Kolon claims that he was denied effective assistance of counsel, because Myers prematurely

informed the trial court that Kolon would perjure himself if he testified and the court improperly denied motions to remove Myers.

## DISCUSSION

I. <u>Legal Standard</u>

Before a federal district court can hear a state prisoner's petition for a writ of habeas corpus, the petitioner must have exhausted the remedies available to him in the courts of the state.  28 U.S.C. 2254(b)(1)(A).  In addition, when a prisoner presents a petition containing both exhausted and unexhausted claims—also known as a "mixed petition"—the district court generally must dismiss the entire petition under the "total exhaustion" rule.  <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982).

Assuming that a petitioner has properly exhausted his available state court remedies, the district court may consider the substance of his habeas petition.  To meet the legal standard for a federal habeas claim, the petitioner must show that the state court's decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  A state court decision involves an "unreasonable application" of clearly established federal law if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular prisoner's case.  <u>Williams v. Taylor</u>, 529 U.S. 362, 407 (2000).

II. <u>Kolon's Habeas Corpus Petition</u>

As discussed above, Kolon claims that he is entitled to a writ of habeas

corpus, because his state court conviction was obtained as a result of an unlawful arrest, his sentence was harsh and excessive, and he was denied effective assistance of counsel.

With regard to the requirement that a petitioner must exhaust all available state court remedies before filing his habeas petition, the State concedes that Kolon's ineffective assistance of counsel claim is properly exhausted. However, the State argues that Kolon's unlawful arrest and excessive sentence claims are not exhausted and thus, they are procedurally barred. Alternatively, the State argues that his unlawful arrest claim is not cognizable on federal habeas review and that his excessive sentence claim should be deemed exhausted and procedurally barred.

Therefore, the court proceeds by evaluating Kolon's unlawful arrest and excessive sentence claims to determine whether they are unexhausted, and thus whether Kolon has presented a "mixed petition" that must be dismissed under the "total exhaustion" rule. See Rose, 455 U.S. at 522.

    A.    <u>Unlawful Arrest</u>

Kolon claims that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest, because the police did not have probable cause to arrest him. The State argues that Kolon's claim is unexhausted. Alternatively, it argues that this claim is not cognizable on federal habeas review.

To determine whether a habeas petitioner's claim is exhausted, the court must assess whether the prisoner fairly presented his federal claim in

each appropriate state court, including any appellate courts with powers of discretionary review.  Baldwin v. Reese, 541 U.S. 27, 29 (2004).  Although a petitioner need not cite "chapter and verse of the Constitution" to meet this requirement, a petitioner must present his challenge in terms that are likely to alert the state court to the claim's federal nature.  Carvajal v. Artus, No. 09-0826, 2011 WL 206181, at *6 (2d Cir. Jan. 25, 2011).  A petitioner may satisfy the fair presentation requirement by: "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation."  Id.

     Here, Kolon argued on appeal in the Appellate Division that the Supreme Court of New York State had improperly denied his request for a Mapp hearing to determine whether he had engaged in suspicious or unlawful conduct giving rise to probable cause that would justify Roche's search and seizure.  Although Kolon did not argue at length that his arrest was unlawful, the caption of the relevant section of his appellate brief states that the police had recovered pills from Kolon "after seizing him without probable cause."  In addition, Kolon quoted language from a state court case in his brief that discusses the Fourth Amendment's constitutional requirements for searches and seizures.  Thus, Kolon fairly presented his unlawful arrest claim in state court, thereby meeting the exhaustion requirement.  See Baldwin, 541 U.S. at 29.

Nevertheless, when a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.  Stone v. Powell, 428 U.S. 465, 494 (1976).  In Kolon's proceedings before the trial court, he submitted two suppression motions which the court heard and denied.  Moreover, he raised the issue of his alleged unlawful arrest on appeal before the Appellate Division.  Thus, Kolon cannot show that he was denied an opportunity to fully and fairly litigate this claim in state court.  See Cappellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).  Accordingly, although Kolon's unlawful arrest claim is exhausted, it is not cognizable on federal habeas review.

B.   Excessive Sentence

Kolon claims that his sentence was harsh and excessive, because the State's original plea offer was for two to four years, he was not found with any drugs on his person when he was arrested, and he was not engaging in any suspicious drug activities at the time of his arrest.  The State argues, however, that this claim is unexhausted and that, in any event, if it is exhausted, it is procedurally barred.

As discussed above, before hearing a federal habeas claim, a state prisoner must have fairly presented the claim in each appropriate state court.  See Baldwin, 541 U.S. at 29.  Indeed, the Second Circuit has recognized that Eighth Amendment claims of "cruel and unusual" punishment related to

sentencing must be presented to state courts in this manner. White v. Kean, 969 F.2d 1381, 1383 (2d Cir. 1992).

Here, Kolon argued on appeal to the Appellate Division that his sentence was excessive under state law, without presenting his claim in federal constitutional terms. Indeed, Kolon did not assert his claim in language that would evoke a specific right protected by the Constitution, nor did he cite any cases containing constitutional analysis, apart from a single state court case containing a brief reference to the Eighth Amendment. Kolon also failed to allege a pattern of facts of the kind used to support constitutional litigation. Thus, Kolon did not fairly apprise the state courts of the federal nature of his claim. See Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995). As a result, his harsh and excessive sentence claim would appear to be unexhausted.

However, the court deems this claim exhausted but procedurally barred, because there is no available state forum in which Kolon may now raise it. See Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991). Kolon has already exercised his one opportunity for direct appeal, and he may not raise this claim on a motion to vacate his conviction or in a state petition for a writ of error coram nobis or habeas corpus, because this claim is record-based and was available to Kolon when he filed his direct appeal. See C.P.L. § 440.10(2)(c); People v. Bachert, 69 N.Y.2d 593, 598 (N.Y. 1987).

Although a federal habeas court may consider a procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice

resulting from it, Kolon fails to demonstrate cause because he offers no explanation for why he did not fairly present this claim on appeal in state court.  See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991).  Although he has raised an ineffective assistance of counsel claim against Myers, he does not claim that Myers was responsible for his failure to raise this excessive sentence claim.  Kolon also has failed to show that actual prejudice resulted from the default, because he has not demonstrated how the entire proceedings were infected with "error of constitutional dimensions."  See U.S. v. Frady, 456 U.S. 152, 170 (1982).  Thus, Kolon's excessive sentence claim is deemed exhausted but procedurally barred.

The court feels constrained to add an alternative ruling regarding the merits of the claim of excessive sentence. It is clear beyond any question that under the circumstances described above, the sentence of six to twelve years does not constitute cruel and unusual punishment in violation of the Eighth Amendment.

C.   Ineffective Assistance of Counsel

Kolon claims that he received ineffective assistance of counsel, because Myers prematurely informed the trial court that Kolon would perjure himself if he testified.  He also argues that the trial court improperly denied Myers' pre-trial motions to be relieved and Kolon's pro se motion for appointment of new counsel.  The State contends, however, that the Appellate Division considered this claim and properly held that Myers' performance was effective.  The State further argues that although Kolon's claim is exhausted, the state court's

decision was neither contrary to, nor an unreasonable application of, Supreme Court law.  See 28 U.S.C. § 2254(d)(1).

In Strickland v. Washington, the Supreme Court set forth federal standards for attorney performance under the Sixth Amendment, which grants criminal defendants the right to counsel.  466 U.S. 668, 684-85, 694 (1984). To prove ineffective assistance of counsel under Strickland, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different.  Id.

Here, the Appellate Division held that Myers pursued an "appropriate and successful strategy" of seeking a less serious conviction for Kolon, thereby sparing him a life sentence "in the face of overwhelming evidence that defendant was guilty of a Class A-1 drug felony."  Kolon, 830 N.Y.S.2d at 540. In addition, the Appellate Division held that Kolon was not denied his right to counsel when the trial court denied the motions to remove Myers, because there was "no good cause for substitution of counsel."  Id. at 540.

By assessing whether Myers' performance fell below an objective standard of reasonableness, the Appellate Division correctly applied the federal standard for ineffective assistance of counsel as set forth in Strickland.  Thus, the Appellate Division's decision holding that Kolon received effective assistance of counsel was not contrary to Supreme Court law.  See 28 U.S.C. § 2254(d)(1).  Nor did the Appellate Division unreasonably apply Supreme Court

2254(d)(1). Nor did the Appellate Division unreasonably apply Supreme Court law, because under the circumstances of this case, Myers provided effective assistance by helping Kolon secure a less serious conviction than he might otherwise have received. See Williams, 529 U.S. at 405-07. Accordingly, Kolon's ineffective assistance of counsel claim is dismissed.

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied.

As Kolon has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue. See 28 U.S.C. § 2253(c). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

Dated: New York, New York
       November 18, 2011

Thomas P. Griesa
U.S.D.J.